Appellant, Ms. Dyer for the Appellant, Mr. Geis for the Appellant. Good morning. May it please the Court, Beverly Dyer on behalf of Lee Ayers, and I'd like to reserve two minutes for rebuttal. Mr. Ayers never received the benefit of this plea bargain because the parties negotiated for a worst-case sentence that the District Court treated as the agreed-upon sentence. And, in addition, this is a case in which no one, neither the parties nor the Court, has yet considered whether Mr. Ayers deserved a Kimbrough or Spears-type sentence reduction, for crack powder disparity. If the parties punted this issue to the District Court, then the District Court played hot potato with the ball and ultimately dropped it. The District Court here flatly rejected any consideration of the crack powder disparity, which was a violation of both 3584A and 5G 1.3C, as well as 3553A. Is it really fair characterization of the record here where the District Court explicitly said he was sympathetic to the crack powder issue, and he looked at the 3553A factors and determined whether at least a 144-month sentence was appropriate, including the crack powder issue? But the Court refused to apply the crack powder disparity to the concurrent sentence. This is a case in which when the parties entered the plea, they knew that the crack laws were likely to change, but they didn't know when, and they didn't know whether that would ultimately apply to someone in Mr. Ayers' position whose offense was committed before those laws would change. So they made a bargain to turn to the District Court and ask the District Court to impose a concurrent or partially concurrent sentence to account for the crack powder disparity. That was a very purposeful part of their plea decision. The District Court's expression of sympathy for that was part of its analysis of whether it should use a concurrent sentence to effect a crack powder disparity reduction, and it decided not to. That's, I think, the only way that the Court can read the record when the Court goes to the question of whether to impose a concurrent sentence. So when the Court considers all the 3553A factors, it does so explicitly in order to accept the 144 months, which was a guideline sentence at the time. And then it turns to the crack powder disparity, and it doesn't consider those factors again. Instead, it rejects – it applies a presumption that is invalid favoring consecutive sentences, which is very clear that it's invalid by the Sentencing Commission's 1989 amendment of the guidelines to conclude that exactly that presumption was erroneous. But Ms. Dyer, did you preserve that issue, or did your client preserve that issue in the trial court, the question about whether 3584 is correctly read to institute a presumption guiding the District Court versus just a rule of construction? So my client asked for a concurrent sentence, and asked for the concurrent sentence on the grounds that it explicitly – although there were some other arguments. But is it the client's – under Rule 51, does Rule 51 then require a party? It doesn't – it certainly does not explicitly require a party to advise the Court how to apply – correctly apply the applicable law. Well, once the government has made the argument and the Court has considered erroneously an interpretation of 3584 explicitly on the record, you know, this is a presumption, I should be following this presumption, among other factors, isn't it then incumbent on the defendant to put forward the argument that he's relying on? It might be preferable. It might assist the District Court and be preferable, but I don't think that Rule 51 requires it. It says exceptions to court's rulings are not required. And it doesn't – I mean, it's an application of the clearly applicable law, and the District Court misapplies it. Do you have a case for that? I mean, I know a lot of our cases on preserving issues talk about preserving arguments and are actually looking at a pretty precise unit of preservation. And if you had something to the contrary, that might be helpful to us. I do think that Tate is close. In Tate, the Court – the defendant made the claim a request for a higher – a sentence no higher than the mandatory minimums and cited Spears, which preserved his claims that the District Court erred in believing that the amendment led to a 20-to-1 ratio when the ratio was really 70-to-1, and that the District Court had discretion to reduce the sentence based on policy disagreements. But there the very argument is crack cocaine disparity. And here I'm talking about the distinct argument about the presumption that you claim is where the District Court made a legal error in reading 3584 to guide him. Well, in asking for specific relief and stating the grounds, therefore, is a party then also required to ensure that the Court applies the applicable law in the correct fashion? I think that's the question before this Court, is whether that would – whether it's incumbent on the parties to steer the Court in the right direction as it applies that law when it has already stated the grounds for the request that the party seeks. On the grounds, the crack cocaine disparity grounds, the facts in this case, you argue, allowed the trial judge to effectuate sort of the reform of the disparity, to close the disparity by running the sentences concurrently. But my understanding is that the district judge was concerned about doing that because other defendants facing similar crack convictions would not be eligible for a similar closing of the disparity if they didn't have another offense with which the cocaine sentence could run concurrently. So there's an inequity problem that I think the district judge was wrestling with. What's your response to that? Well, I think that there's a very distinct question about who is this defendant comparable to? Is this defendant comparable to other defendants? Is he disparate to other defendants with prior sentences, prior pre-existing sentences, or sentences that they continue to serve? Or is he only comparable to defendants with no such sentence? And is he comparable to powder defendants? Is he comparable to other types of crack defendants? And I think that the defendant was going to serve 144 months, whether or not that was concurrent. It was going to serve the mandatory minimum. It was going to serve the C1C plea sentence. The fact that that was concurrent to another sentence doesn't make it invalid somehow. So I don't think that that was the basis, or at least the only basis, for the court's rejection of a concurrent sentence. What about the comparison between somebody else with roughly a kilo of crack who's stuck with the mandatory minimum on that? Both of them are going to serve 120 months. Right, and one guy has also a major weapons conviction, and the other guy doesn't. But then if he's comparable to many people who serve their mandatory minimum sentences with, concurrent with, many, many courts impose mandatory minimum drug sentences concurrent with pre-existing sentences. It is not an unusual occurrence for that to happen, and I think that this defendant is comparable to those defendants as well, and the district court failed to consider that. So I think the question of who is he disparate to is a challenging question and a question that was before the district court, but I think that there are other candidates for that. With respect to the presumption, I do think that it would be plain, even if this court applied plain error review. It is obvious from the commission's amendment, among other things, and the plain statutory language. And I just want to reiterate that the district court found that a concurrent sentence would be lower than the actual sentence that the parties had bargained for, and that's on page 128 of our appendix. And with that, I would reserve the rest of my time for rebuttal, if the Court has no further questions. Thank you. May it please the Court. My name is Jack Geis, and I represent the appellee of the United States of America. I would like to start with addressing one point a counsel made. The comparable defendant is a very complicated and difficult call. It strikes me as the exact kind of call that one would use discretion to make. Judge Bates, who is an extraordinarily careful jurist, wrestled with that issue and recognized that what was requested could lead to very strange results. If there had been two people in that car, Mr. Ayers and a co-defendant, with no prior conviction, that person would have been facing at least 10 years minimum mandatory, probably 15 years minimum mandatory. And the oddity of what was requested was that, in effect, Mr. Ayers, with a far worse record if his sentence had been concurrent, would have effectively served three years more, whereas his co-defendant would have served 12 or 15 years on that count, that fact pattern, if convicted. So the judge was wrestling with some very difficult questions, and that strikes me as the exact issue of discretion. Judge Bates was speaking. But didn't the judge say pretty explicitly and more than once, basically, if there was going to be any relief for the crack powder issue, it should have been taken into account in the plea bargain and in the 144 months, and that that's not something that gets taken into account in the consecutive versus concurrent decision? I think he said something slightly different, Your Honor. At page 95 of the appellate's appendix, essentially the first question Judge Bates asks after he goes through the guidelines factors is, why is 144 months appropriate given the crack powder disparity? So he's focusing on whether that 144 months is an appropriate sentence, taking account of everything, crack powder, the defendant's prior record, including the shooting just weeks before this incident. And then there's a lengthy discussion about comparable defendants, what's comparable. And then after that discussion, at page 110, Judge Bates says, that is why 144 months is still appropriate, notwithstanding any crack powder disparity. So it appears to me that what Judge Bates determined was that 144 months was a fair sentence, reflecting the crack powder disparity and everything else, the person's egregious record, the shooting incident. That, in effect, he was being asked to double count, because if 144 months is appropriate based on the crack powder disparity, and that's what he was focusing on, and the language at 110 suggests that's exactly what he concluded. Asking him, in effect, then to run it concurrent based on that same crack powder disparity is, in effect, asking for double counting. And the Court's very clear, particularly when it imposes sentence, that that 144 months is singularly appropriate for all sorts of reasons, based on this defendant's record, based on the drugs and the guns when he stopped in September of 2008. Let me ask you a simple, direct question. Always the toughest. Should Judge Bates have concluded that it is inappropriate to consider crack powder disparity for the concurrent versus consecutive decision? No. But, well, let me rephrase that, Your Honor. Inappropriate, it seems to me, is a discretionary term. I mean, that's one thing we're wrestling with here. He didn't ever suggest he couldn't do it. And, in fact, it's clear that he says, I have the discretion to do it. He says he has discretion to make the decision concurrent versus consecutive. But he asked the parties, do you have any cases where crack powder has been the reason for making the concurrent decision? And the parties said no. And then doesn't he basically conclude then that that must be telling? And I don't really have the discretion to make the decision based on that fact? I would say no, Your Honor. I believe what Judge Bates was saying is, I can do this, but should I do it? And one of the factors that's going into his determination whether he should do it, which I think is a discretionary call, is whether any other courts have seen this as the appropriate way to deal with it. I mean, maybe part of what we're wrestling here is, what's a discretion and what's a matter of law? He certainly never says in a matter of law, I can't do this. And it's clear that he understands. I mean, I think he uses the term discretion five or six times in the transcript I unfortunately kept out. And he's using it in the context of the minimum mandatory. He's using it in the context of crack powder. So he's answering the question, yes, I can do it. But what he's wrestling with is, should I do it? Is it appropriate? In my discretion? I mean, after he imposes sentence, he says, in my discretion, this is the choice I'm making. So I think a fair reading of the transcripts is he knows he can do it. Now, the fact that no other judges have done that goes, I think, to his analysis about whether it's appropriate, which is really a discretionary call. And I don't think it's abusing your discretion as a trial judge to say, have any of my other colleagues done it this way? So go ahead. I want to ask a different question, so if you want to follow up. Going back to this issue of the mandatory minimum, do you think that the trial judge recognized that he had authority to make the whole sentence concurrent or only that he could make the last two concurrent because of the mandatory minimum? I believe he recognized he could do the whole sentence if he wanted. But, of course, the portion of the record the Court's referring to also illustrates another point, which is he chose not to as a matter of discretion. And even if one were to sort of begin to consider appellant's argument that the judge thought he couldn't run that 120 months concurrent, this Court still has to ask, would he have done anything differently even if that hadn't occurred? And that 24 months is really a key point because what it illustrates is that even if you accept for a moment, which I think is incorrect reading of the record, that he thought he couldn't run that 120 months concurrent, he certainly understood that he could run the 24 months. And he said, I'm not going to do it. I'm not going to run any portion of this sentence concurrent. And the reasons are the egregious record, the terrible facts of this offense, not only guns, drugs, but a high-speed chase in the wrong direction, and the inequities with other defendants who would not have the fortuity, and that's the term Judge Bates uses, the fortuity of that prior sentence. So I think that portion, which I think is 128 and 129 of the appellant's appendix, where he goes through why concurrent. And there's the earlier discussion, which I can pull up in a moment, where he talks about why he's not going to run any portion. That's 128 through 129 of the appendix. So even if you were to accept for a moment the notion that he thought he couldn't run the 120 months concurrent, it really doesn't matter in this Court's review because it's clear what Judge Bates was thinking. I'm not going to run any portion of it concurrent, even if I could, but for reasons that are wholly appropriate in exercising his discretion. If we find that Judge Bates erroneously read 3584 to create a presumption that guides the trial judge in sentencing, there's not really any way we could find that that error was harmless, is there? Well, I think, first of all, Your Honor, I don't think it is incorrect. I think it's plain error review, including that plain error, for reasons I said in our brief. But I also think that, again, if you look at the reasons Judge Bates gives for the sentence, that presumption really isn't what's plain. That's not the key thing for the concurrent sentence. How can we tell? That's the difficulty. If he's reading the presumption as – I think you can make an argument on the record because Judge Bates talks about these factors in some detail and he exercises his judgment against the background of what he describes as the situation gives him discretion. At the same time, if he's understanding the law, the guidelines, the statute, as creating kind of a preference in favor of consecutive sentences, we can't really do surgery on that if I'm right that harmless error would be the standard. As I said, Your Honor, I don't think it was preserved. But, no, I think you can if you look at that passage at 128 and 129. Because it's interesting. I feel free to cite the Tate case because it's an appellatory plied brief and I read it and I thought, I wish I'd cited that. Because Tate, 630 F. 3rd, 199, deals with the question of there's an error. And then the Court says, but do we need to send it back for resentencing? And the Court looks at what it calls the motivation of the trial judge. And that, as I said, is 630 F. 3rd at 199. And it says we can look at the rest of the record and figure out what motivated the trial judge. And here, if you look at that passage about consecutive concurrent, the 24 months, it's clear what motivated Judge Bates. It wasn't any presumption. He knew he had discretion. But there's a horrible record. There's terrible facts of this particular offense. And there's also the potential inequities with all those other people who don't have the fortuity of another sentence to which you can run a concurrent. And that's what's moving him. And you can, I think, fairly read that from the record. And then even if you were to conclude there was preserved error here and that it was error, I still think you can read the record fairly as saying his motivation was not that supposed presumption. And I believe my time has expired. Thank you. Oh, all right. You had a whole minute remaining. Thank you very much, Judge Brown. I think the judge's decision not to run 24 months concurrent should be read only as limiting, as applying to his conclusion, most importantly, that a concurrent sentence would undercut the mandatory minimum regime. It doesn't apply at all to his crack powder's refusal to consider crack powder disparity. And I would reiterate that this is a case where no one has done that yet. The defendant has not had the benefit of a crack powder disparity guidelines reduction consideration. And I think it's interesting that the government does not, I did not below in the district court, and it does not on appeal, conclude that it would be inappropriate to use a concurrent sentence to implement a crack powder disparity reduction. So someone should have thought about that. And I don't think the district court did in this case. And I think it made several other errors in connection with the sentencing so that all of its expressions about the offense and the nature of the offense and this defendant and its multiple expressions that it had discretion to decide the concurrent consecutive issue must be read as inconsistent with its many ways in which it limited that discretion to a very narrow scope that was inappropriate. You said at one point that even if you hadn't preserved the objection, this was clearly plain error. Yes. But the circuits are kind of various in their approach to whether there's a presumption under 3584. So how could we find that to be plain error? Because the statutory language itself is very clear that there is no presumption. The statutory language leaves it open to the district court based on, the district court is supposed to impose a sentence under 3553A that is sufficient but not greater than necessary. And that's where the statutory language all leads and the guidelines language all leads. And with that, there is no preference. The only thing that the statute states is basically a rule of interpretation that assists a staff member in the Bureau of Prisons in figuring out when the defendant needs to be released from his prison sentence. And I think that there is no, when the district court approaches the concurrent consecutive issue, nothing guides that court other than the goals of sentencing. And I think that's very clear from the statutory language. It should be clear from the Sentencing Commission's amendment 289 in 1989 when it amended the guidelines language in 521.3 to remove the presumption and to declare it erroneous. So I think that both of those make it clear. Thank you very much. Thank you, Ms. Darr. The case will be submitted.
judges: Brown, Pillard, Wilkins